**JUDGE KEENAN**

361-08/MEU/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
BEIJING SHOURONG FORWARDING SERVICE CO. LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
James L. Ross (JR 6411)

**08-CIV-6088**

JUL 02 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BEIJING SHOURONG FORWARDING
SERVICE CO. LTD.,

                 Plaintiff,

-against-

C & MERCHANT MARINE CO. LTD f/k/a
SEYANG SHIPPING CO. LTD a/k/a C AND
MERCHANT MARINE CO. LTD.,

                 Defendant.

08 Civ _____

**VERIFIED COMPLAINT**

---

    Plaintiff, BEIJING SHOURONG FORWARDING SERVICE CO. LTD. (hereinafter "BEIJING") for its Verified Complaint against Defendant C & MERCHANT MARINE CO. LTD f/k/a SEYANG SHIPPING CO. LTD a/k/a C AND MERCHANT MARINE CO. LTD. (hereinafter "CMM") alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff BEIJING was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 2305-2307 Jinyu Building, 100 Xisanhuanbei Road, Haidian, Beijing. People's Republic of China.

3. At all times relevant hereto, Defendant CMM was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 13-14th Floor, Changgyo Building 1, Changgyo-dong Chung-gu, Seoul, Korea.

4. On or about May 29, 2008, Defendant CMM, as charterer, entered into a maritime contract of charter party with Plaintiff BEIJING, as disponent owner, for use of the M/V JIMRICH for one time charter trip via the east coast of Australia.

5. Pursuant to its charter with Plaintiff BEIJING, Defendant CMM was obligated to pay charter hire every 15 days in advance at the rate of $112,500 per day pro rata for the duration of the charter period.

6. Plaintiff BEIJING duly delivered the M/V JIMRICH into the service of Defendant CMM, and duly performed its obligations under the charter.

7. Despite CMM's obligation to pay charter hire under the charter, Defendant CMM is in arrears for charter hire in the amount of $3,249,937.50.

8. The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and BEIJING specifically reserves its right to arbitrate the substantive matters at issue.

9.  This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff BEIJING's claims which will soon be made in the London arbitration under English law, as agreed by the parties.

10. As a regular feature of English law and arbitration, attorney fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

11. Plaintiff BEIJING estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration will be $300,000.00. Interest anticipated to be awarded is estimated to be $557,882.26 (calculated at the rate of 8% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

12. In all, the claim for which Plaintiff BEIJING sues in this action, as near as presently may be estimated, totals **$4,107,819.76**, no part of which has been paid by Defendant CMM, despite due demand. Plaintiff BEIJING specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure BEIJING.

### Request for Rule B Relief

13. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant C & MERCHANT

MARINE CO., LTD f/k/a SEYANG SHIPPING CO. LTD a/k/a C AND MERCHANT MARINE CO. LTD. (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in either of its names and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

14.  The total amount sought to be attached pursuant to the above is **$4,107,819.76**.

WHEREFORE, Plaintiff BEIJING SHOURONG FORWARDING SERVICE CO. LTD. prays:

a.  That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.  That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$4,107,819.76** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant C & MERCHANT MARINE CO. LTD f/k/a SEYANG SHIPPING CO. LTD a/k/a C AND MERCHANT MARINE CO. LTD., including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and

  enforcement of any award entered against the Defendant in the London proceedings; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
   July 2, 2008

       FREEHILL HOGAN & MAHAR, LLP
       Attorneys for Plaintiff
       BEIJING SHOURONG FORWARDING SERVICE CO. LTD.

       By: _____
         James E. Ross (JR 6411)
       Michael E. Unger (MU 0045)
       80 Pine Street
       New York, NY 10005
       (212) 425-1900
       (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

JAMES L. ROSS, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client, and independent investigations conducted by this office.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
James L. Ross

Sworn to before me this
2nd day of July 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10

NYDOCS1/307663.1